UNITED STATES of America, Plaintiff–Appellee,

v.

Luis Edwardo PONCE, Defendant–Appellant.

No. 08–50146.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2009 *.

Filed Feb. 20, 2009.

Kerry Creque O'Neill, Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Joseph F. Walsh, Los Angeles, CA, for Defendant–Appellant.

Before: KLEINFELD, BEA, and IKUTA, Circuit Judges.

MEMORANDUM **

The district court did not err in denying Ponce's motion to suppress because the search of the motel room was justified by exigent circumstances. *See Murdock v. Stout,* 54 F.3d 1437, 1441 (9th Cir.1995), *abrogated on other grounds by United States v. Ramirez,* 523 U.S. 65, 69–70, 118 S.Ct. 992, 140 L.Ed.2d 191 (1998); *United States v. Gooch,* 6 F.3d 673, 679 (9th Cir.1993). Exigent circumstances are

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

present when an officer believes victims may be detained against their will or could be injured. *See United States v. Black,* 482 F.3d 1035, 1039–40 (9th Cir.2007) (as amended). At the time of their entry into the motel room, the officers had reason to believe that at least one alien was being held against his will in the room. The officers knew that Ponce was attempting to extort a higher smuggling fee in exchange for the release of an alien, and they also knew of the potential for violence if the smuggling fee were not paid. The occupants of the motel room did not respond to the officers' phone call, and a man who had recently exited the motel room appeared to be guarding the door. These factors raised the inference that a victim might be within the motel room. *See Murdock,* 54 F.3d at 1442; *see also Black,* 482 F.3d at 1039. The officers therefore reasonably believed that entry into the motel room was necessary to prevent possible physical harm to a person inside. *Murdock,* 54 F.3d at 1442.

■ The district court did not err in taking Ponce's dishonesty into account when it denied him a downward adjustment for acceptance of responsibility and imposed an upward adjustment for obstruction of justice. The district court's finding that Ponce obstructed justice by lying about his identity, citizenship, and criminal history was not clearly erroneous. Such a finding "ordinarily indicates that the defendant has not accepted responsibility." *United States v. Magana–Guerrero,* 80 F.3d 398, 401 (9th Cir.1996) (citing U.S.S.G. § 3E1.1 cmt. n. 4). This is not an extraordinary case "where the defendant's obstructive conduct is not inconsistent with acceptance of responsibility." *Id.* at 402 (internal quotation marks omitted). Rather, Ponce's "[l]ying with the hope of avoid-

ing a degree of culpability or punishment is the very antitheses of acceptance of responsibility." *Id.*

**AFFIRMED.**